**No. 52827.**—William J. Oberle, Inc., et al. *v.* United States, protests 137395–K/ 12937, etc. (New Orleans, etc.).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, JANUARY 19, 1949

**No. 52828.**—Davies Turner & Co. et al. *v.* United States, protests 133134–K/ 1271, etc. (Chicago).

Opinion by LAWRENCE, J. The protests were dismissed.

**No. 52829.**—The Baltimore & Ohio Railroad Co. et al. *v.* United States, protests 470362–G, etc. (Baltimore, etc.).

Opinion by RAO, J. The protests were dismissed.

**No. 52830.**—R. P. Oldham Company et al. *v.* United States, protests 135126–K, etc. (San Diego, etc.).

Opinion by RAO, J. The protests were dismissed.

BEFORE THE FIRST DIVISION, JANUARY 20, 1949

**No. 52831.**—Arthur P. Lund et al. *v.* United States, protests 121801–K, etc. (Boston, etc.).

Opinion by COLE, J. The protests were dismissed.

**No. 52832.**—National Carbon Co., Inc., et al. *v.* United States, protests 136635–K, etc. (Buffalo, etc.).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, JANUARY 20, 1949

**No. 52833.**—Mason Bros. & Tarlin et al. *v.* United States, protests 938111–G, etc. (Boston, etc.).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, JANUARY 20, 1949

**No. 52834.**—Abraham & Straus, Inc., et al. *v.* United States, protests 58624–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52835.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 63413–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 824283. The protest was sustained to this extent.

**No. 52836.**—Holland & Sherry, Ltd. *v.* United States, protests 67261- K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52837.**—S. Stern, Henry & Co. *v.* United States, protest 140218–K (New York).

Opinion by EKWALL, J. An examination of the record disclosing nothing that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.